OSCN Found Document:BOARD OF COUNTY COMMISSIONERS OF MUSKOGEE COUNTY v. KING

 

 
 

 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only

 
 
 

 
 BOARD OF COUNTY COMMISSIONERS OF MUSKOGEE COUNTY v. KING
2024 OK 10
Case Number: 121834
Decided: 03/04/2024
THE SUPREME COURT OF THE STATE OF OKLAHOMA

Cite as: 2024 OK 10, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

THE BOARD OF COUNTY COMMISSIONERS OF MUSKOGEE COUNTY, OKLAHOMA; JEFF SMITH; and KEITH HYSLOP, Petitioners,
v.
THE HONORABLE TIMOTHY KING, Respondent,
and
BUCKHORN FIRE DEPARTMENT, Real Party in Interest.
ORDER
Original jurisdiction is assumed. Okla. Const. art. 7, §4. See also Movants to Quash Multicounty Grand Jury Subpoena v. Dixon, 2008 OK 36, ¶¶5-7, 184 P.3d 546. Respondent, or any other assigned judge, is hereby prohibited from impaneling a grand jury based on the number of signatures certified by the Muskogee County Election Board Secretary (2,661) in GF-2023-1, Muskogee County. The number of certified signatures is insufficient to meet the constitutional requirements to impanel a grand jury under Article 2, Section 18 of the Oklahoma Constitution.
"Provisions of the Constitution relating to the same questions should, of course, be construed together and harmonized with each other so far as possible. In construing sections relating to the initiative and referendum, therefore, we have held it is proper to consider them with other sections relating to the initiative or referendum." In re Initiative Petition No. 314, 1980 OK 174, ¶25, 625 P.2d 595 (internal citations omitted). Article 2, Section 18 of the Oklahoma Constitution provides in pertinent part:
A grand jury shall be composed of twelve (12) persons, any nine (9) of whom concurring may find an indictment or true bill. A grand jury shall be convened upon the order of a district judge upon his own motion; or such grand jury shall be ordered by a district judge upon the filing of a petition therefor signed by qualified electors of the county equal to the number of signatures required to propose legislation by a county by initiative petition as provided in Section 5 of Article V of the Oklahoma Constitution, with the minimum number of required signatures being five hundred (500) and the maximum being five thousand (5000)....
Okla. Const. art. 2, §18.
In turn, Article 5, Section 5 of the Oklahoma Constitution, which reserves "to the legal voters of every county and district" in the State the power of the initiative and referendum, explains the number of signatures required as follows:
The requisite number of petitioners for the invocation of the initiative and referendum in counties and districts shall bear twice, or double, the ratio to the whole number of legal voters in such county or district, as herein provided therefor in the State at large.
Okla. Const. art. 5, §5.
The number of signatures required to propose legislation via initiative for the state at large is provided in Article 5, Section 2, which states in pertinent part: "The first power reserved by the people is the initiative, and eight per centum of the legal voters shall have the right to propose any legislative measure...." Okla. Const. art. 5, §2. Section 2 goes on to provide: "The ratio and per centum of legal voters hereinbefore stated shall be based upon the total number of votes case at the last general election for the Office of Governor." Id.
Reading these constitutional provisions together, the correct calculation of the number of signatures required to impanel a grand jury is sixteen per cent (16%) of the number of votes cast in the county at the last general election for Governor, with the minimum number of signatures required being 500 and the maximum required being 5,000. In 2022, 17,796 votes were cast in Muskogee County for Governor.
[1] Thus, the number of signatures from qualified electors required to convene a grand jury in Muskogee County based on the 2022 General Election for governor is 2,848.[2] Because that number is between the minimum and maximum thresholds, it is the number required.
Petitioners' Motion to Supplement the Appendix is denied. The materials attached to Petitioner's Notice of Evidence were not considered in the issuance of this Order.
Original jurisdiction assumed; writ of prohibition issued.
DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS 4th DAY OF MARCH, 2024.
/S/CHIEF JUSTICE
CONCUR: KANE, C.J., ROWE, V.C.J., KAUGER, WINCHESTER, COMBS, GURICH, DARBY and KUEHN, JJ.
NOT PARTICIPATING: EDMONDSON, J.
FOOTNOTES
[1] According to the Oklahoma Election Board, 17,796 voters in Muskogee County cast their ballot for the Office of Governor during the 2022 General Election.
See https://results.okelections.us/OKER/?elecDate=20221108 (last accessed February 20, 2024).
[2] 16% x 17,796 = 2,847.36.

 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Supreme Court Cases

 
Cite
Name
Level

 
2008 OK 36, 184 P.3d 546, 
MOVANTS TO QUASH MULTICOUNTY GRAND JURY SUBPOENA v. DIXON
Discussed

 
1980 OK 174, 625 P.2d 595, 
Initiative Petition No. 314, In re
Discussed

 
 

 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA